Petralia v. Appleton Papers, et al.   CV-99-183-M   04/06/01

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


Rosemary C. Petralia,
      Plaintiff

      v.                                    Civil No. 99-183-M
                                            Opinion No. 2001 DNH 072
Appleton Papers, Inc.; and
Moore U.S.A., Inc., f/k/a
Moore Business Forms, Inc.,
      Defendants


**O R D E R**


Pro se plaintiff asserts a number of claims against the remaining defendants arising from her alleged injurious exposure to carbonless copy paper in the work place.  Her claims are based on strict liability, negligence, failure to warn, breach of warranty, and battery.

As a pro se litigant, plaintiff has had a difficult time litigating against experienced legal counsel.  But, she is educated, seemingly well-informed, and, from her pleadings, appears to understand the general requirement that opponent's motions require a response and that deadlines must be met.  From time to time she has sought and been granted continuances in order to obtain the assistance of counsel, but has yet to find

anyone to take up her cause. Her compliance with discovery requirements has been irregular, prompting the Magistrate Judge to require her to pay the cost of two hours of deposition to permit defendants to obtain information she should have provided by other means. And, plaintiff did not disclose the identity or reports of her intended expert witnesses by the ordered deadline of December 1, 2000.

Because she did not make expert disclosures by the date required, defendants filed a motion to compel production (document no. 33), or, alternatively, for default. Plaintiff ignored the motion, and on January 30, 2001, the Magistrate Judge issued his ruling. He did not order plaintiff to disclose her expert witnesses by a new date, nor did he enter a default (the requested relief) but, rather, precluded plaintiff from offering expert testimony at trial:

> Consistent with her past disregard of discovery requirements plaintiff has failed to disclose experts by 12/01/00 and has not objected to this motion. Plaintiff is precluded from using an expert.

Document no. 33, margin order. Plaintiff did not appeal that ruling to the district judge.

Since plaintiff cannot establish essential elements of her claims without expert testimony (e.g., dangerousness, defect, causation, damages), defendants filed a joint motion for summary judgment (document no. 38). See e.g., Celotex Corp. v. Catrett, 477 U.S. 317 (1986). Plaintiff has ignored defendants' summary judgment motion as well.

A pro se litigant is entitled to be heard, and courts routinely (often to the bar's consternation) "loosen the reins" for pro se litigants when it comes to compliance with rules of practice and procedure. But, as the court of appeals has noted:

> [T]he "right of self-representation is not 'a license not to comply with relevant rules of procedural and substantive law.'" Andrews v. Bechtel Power Corp., 780 F.2d 124, 140 (1st Cir. 1985)(quoting Faretta v. California, 422 U.S. 806, 835 n.46, 95 S.Ct. 2525, 2541 n.46, 45 L.Ed.2d 562 (1975)), cert. denied, 476 U.S. 1172, 106 S.Ct. 2896, 90 L.Ed.2d 983 (1986). The 'Constitution does not require judges . . . to take up the slack when a party elects to represent himself. See McKaskle v. Wiggins, 465 U.S. 168, 183-84, 104 S.Ct. 944, 953-54, 79 L.Ed.2d 122 (1984)(explaining that courts need not "take over chores for a pro se defendant that would normally be attended to by trained counsel as a matter of course").

* * *

3

> Indeed, there is a long line of authority rejecting the notion that pro se litigants in either civil or regulatory cases are entitled to extra procedural swaddling. See Julie M. Bradlow, Comment, Procedural Due Process Rights of Pro Se Civil Litigants, 55 U.Chi.L.Rev. 659, 668 nn 41,42 (1988)(collecting cases).

Eagle Eye Fishing Corp. v. U.S. Dept. of Commerce, 20 F.3d 503, 506 (1st Cir. 1994).

Because plaintiff did not respond to the earlier motion to compel, did not appeal the Magistrate Judge's order precluding her use of expert testimony, and did not respond to the defendants' summary judgment motion, and has not filed any motion seeking relief (and explaining her failure to disclose as required), the court can only assume that she has no expert evidence to offer on product dangerousness or defect, or proximate causation, or medical causation, or the nature and scope of injury allegedly sustained.

Defendants are correct — they may point to record materials that demonstrate that the nonmoving party will be unable to carry her burden of persuasion at trial, thereby shifting the burden to the nonmoving party to show that there is indeed a genuine issue of fact precluding entry of summary judgment. Defendants have

4

done so here, and plaintiff has remained mute. "[I]f the summary judgment record satisfactorily demonstrates that the plaintiff's case is, and may be expected to remain, deficient in vital evidentiary support, this may suffice to show that the movant has met its initial burden." Carmona v. Toledo, 215 F.3d 124, 133 (1st Cir. 2000). Defendants have satisfied their initial burden of production on summary judgment, showing the absence of genuine issues of material fact and that plaintiff cannot meet her burden at trial; plaintiff has not responded and has not shown that genuine disputes exist as to material facts or that she will be able to meet her burden of proof at trial.

## Conclusion

Accordingly, for the reasons given in this order and the memorandum in support of defendants' joint motion for summary judgment (document no. 38), summary judgment is granted in favor

5

of defendants.[1]  The Clerk of Court shall enter judgment in accordance with this order and close the case.

       **SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

April 6, 2001

cc:   Rosemary C. Petralia
      Anita Hotchkiss, Esq.
      Lucy C. Hodder, Esq.
      Edward M. Kaplan, Esq.

---

[1]  Should plaintiff seek reconsideration, her motion shall, at a minimum, be filed in a timely fashion, state whether she has expert evidence to offer, and identify her expert witnesses.  She shall also show good cause for failing to make expert disclosures by the December 1, 2000, deadline, failing to respond to the motion to compel, failing to seek relief from the preclusion order, and failing to object to the joint motion for summary judgment (beyond mere general invocations of distracting illness or lack of legal training).